IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID STARKS, #N-03758, and<br>MICHAEL VELASQUEZ, #K-53666,<br><br>    Plaintiffs,<br><br>vs.<br><br>RUANN TANNER, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)    CIVIL NO. 06-699-MJR<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

The Court previously advised Plaintiffs of the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation; each Plaintiff was given an opportunity to drop out of this action without prejudice (*see* Doc. 6). Plaintiff Velasquez chose to drop out (*see* Doc. 7); in a separate order, he has been dismissed without prejudice from this action (Doc. 8).

Now before the Court is Plaintiff Starks's motion for leave to proceed *in forma pauperis*, filed pursuant to 28 U.S.C. § 1915 (Doc. 2). He has used a very outdated form for this motion, one that does not ask for his prior litigation history. In the hand-drafted complaint (Doc. 1), Starks admits to filing just one prior lawsuit in federal court,[1] but that representation is blatantly false. As he was advised over three years ago in this District, he "has had more than three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted." *Starks v. Williams*, Case No. 99-cv-187-JLF (S.D. Ill., order at Doc.

---

[1] *Starks v. Powers*, Case No. 02-cv-1252-JPG (S.D. Ill., filed Dec. 20, 2002).

79, filed April 23, 2003).[2]  Almost one year later, *this* Court reminded him of that status, in a case that was dismissed as legally frivolous and thus qualified as yet another strike.  *Starks v. McClelland*, Case No. 03-cv-638-MJR (S.D. Ill., order at Doc. 16, filed Mar. 17, 2004). Furthermore, the Court notes that as early as 1999, the Honorable Milton I. Shadur advised Starks that the provisions of 28 U.S.C. § 1915(g) applied to him.  *Starks v. Snyder*, Case No. 99-cv-7807 (N.D. Ill., order at Doc. 6, filed Dec. 7, 1999).  And just last month, the Honorable Joan B. Gottschall dismissed a newly filed action due to the three-strikes ban, as well as for Starks's failure to advise the court of his litigation history.  *Starks v. McGuire*, Case No. 06-cv-5349 (N.D. Ill., order at Doc. 7, filed Oct. 11, 2006).  Judge Gottschall found that Starks remained liable for the full filing fee for that action, and banned him from pursuing any future litigation until he had paid that outstanding fee.  *Id.*  Moreover, on top of the strikes already listed, two years ago the Seventh Circuit assessed two strikes against Starks for a frivolous appeal taken from the dismissal in this District of a frivolous lawsuit.  *Starks v. Williams*, Appeal No. 03-1962 (7th Cir., decided June 17, 2004).

Thus, it is clear that Starks has accumulated considerably more than the allotted three strikes. The allegations in the instant action involve his security status, access to courts, and religious freedom, certainly not situations that place Starks in imminent danger of serious physical injury. Moreover, "[a]n effort to bamboozle the court by seeking permission to proceed *in forma pauperis*

---

[2] In that order, Judge Foreman found that these seven cases qualified as strikes:  *Starks v. Haase*, Case No. 91-cv-2080 (C.D. Ill., filed March 12, 1991) (dismissed for failure to state a claim, Aug. 2, 1991); *Starks v. Bosquez*, Case No. 91-cv-5296 (N.D. Ill., filed Sept. 3, 1991) (dismissed pursuant to former 28 U.S.C. § 1915(d), Sept. 3, 1991); *Starks v. Roth*, Case No. 91-cv-6222 (N.D. Ill., filed Oct. 17, 1991) (dismissed pursuant to former 28 U.S.C. § 1915(d), Oct. 17, 1991); *Starks v. Stanfa*, Case No. 91-cv-8147 (N.D. Ill., filed Jan. 27, 1992) (dismissed pursuant to former 28 U.S.C. § 1915(d), Jan. 27, 1992); *Starks v. Fulton County States Attorney Office*, Case No. 93-cv-1460 (C.D. Ill., filed Oct. 29, 1993) (dismissed pursuant to former 28 U.S.C. § 1915(d), Jan. 14, 1994); *Starks v. Peters*, Case No. 93-cv-3682 (N.D. Ill., filed July 12, 1993) (dismissed on defendants' motion to dismiss, July 21, 1994); *Starks v. Chicago Bd. of Educ.*, Case No. 94-cv-6805 (N.D. Ill., filed April 12, 1995) (dismissed pursuant to former 28 U.S.C. § 1915(d), April 12, 1995).

after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F.3d 857, 859 (7th Cir. 1999). Not only does it lead to termination of the suit, but "[a] litigant who follows frivolous litigation with fraud has no claim to a tender reception;" consequently, "unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation." *Id.*

**IT IS THEREFORE ORDERED** that the motion for leave to proceed *in forma pauperis* is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Starks shall immediately tender the $350 filing fee for this action to the Clerk of this Court.

**IT IS FURTHER ORDERED** that until Starks has paid in full all outstanding fees in this action, **THE CLERK OF COURT IN THIS DISTRICT WILL RETURN UNFILED ALL PAPERS FILED BY STARKS OR ON HIS BEHALF.** This order does not apply to criminal cases or petitions challenging the fact or duration of his confinement, and may be reexamined in two years under the approach of *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

**IT IS SO ORDERED.**

**DATED this 6th day of November, 2006.**

                                        **s/ Michael J. Reagan**
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**